Maurice L. Rivkin and Flora T. Rivkin v. Commissioner.
Rivkin v. Commissioner
Docket No. 2764-63.
United States Tax Court
T.C. Memo 1965-99; 1965 Tax Ct. Memo LEXIS 229; 24 T.C.M. (CCH) 526; T.C.M. (RIA) 65099; April 15, 1965
Bernard H. Sokol, 1 N. LaSalle St., Chicago, Ill., for the petitioners. James E. Caldwell, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent has determined a deficiency in the income tax of petitioners for the taxable year 1958 in the amount of $8,398.47. The only issue to be decided is the *230 fair market value of personal property contributed by petitioners to charitable institutions. Findings of Fact The stipulated facts are found as stipulated. Petitioners are husband and wife residing in Chicago, Illinois. They filed their joint Federal income tax return for the calendar year 1958 with the district director of internal revenue at Chicago. In 1958, the Angel Unit of Chicago Wesley Memorial Hospital raised funds for the hospital partly through public contributions. The hospital is an organization described in section 170(c)(2) of the Internal Revenue Code of 1954. Contributions to it are deductible to the extent provided in section 170 of the 1954 Code. Sheridan Art Galleries, Inc., hereinafter referred to as Sheridan, has over 25 years of experience as auctioneer and appraiser of property. In 1958, the Angel Unit and Sheridan had a working agreement, under which the latter, after being apprised of the location, would make appraisals of personal property to be donated to the hospital, sell it, and remit the proceeds, less seller's commission, to the hospital. In 1958, petitioners donated 75 items of personal property to the Angel Unit *231 of the Chicago Wesley Memorial Hospital. Appraisals of the items were made by Sheridan. The items were subsequently sold by Sheridan at auction for $954. The net proceeds of the sales, after payment of Sheridan's commission, were remitted to the hospital. On their joint income tax return for the year 1958, petitioners claimed a deduction in the amount of $13,735. Respondent disallowed the claimed deduction to the extent of $12,781, determining that the fair market value of the contribution did not exceed $954. In 1958, petitioners contributed items of personal property, mainly clothing, to the National Council of Jewish Women, Thrift Shop, a charitable institution, and on their joint income tax return for the year 1958 claimed a deduction therefor in the amount of $2,250. The respondent disallowed the deduction to the extent of $1,650, determining that the fair market value of the contribution did not exceed $600. Ultimate Finding The fair market value of the personal property contributed by petitioners to the two charitable institutions referred to above was not greater than the amounts determined by respondent in his notice of deficiency. Opinion It is so well established *232 as to require no citation of authority that in order to be entitled to the deduction of a charitable contribution, the burden of proof is upon petitioners to establish clearly all elements of such contributions including the amount thereof. Section 170(a)(1)[1] of the 1954 Code is the statutory authorization for such deductions generally. Section 1.170-1(c)(1), [2] Income Tax Regs., is the authority for determination of the amount of contributions made other than in money. Under the regulation it thus becomes incumbent upon petitioners to establish by clear and preponderant evidence sufficient to overcome the presumption of the correctness of respondent's determination that the value of personal property contributed and claimed by them as a deduction is the true fair market value. This they have failed to do with respect to the contributions of personal property made by them to the National Council of Jewish Women. They have offered no proof whatsoever of the value of the clothing contributed to that institution. There being no evidence before us of any greater value than that determined by respondent, we must sustain his determination with respect to this contribution. *233 With respect to the fair market value of household furnishings and equipment contributed by petitioners to Chicago Wesley Memorial Hospital, although the issue is one of fact, we think decision is controlled by our holdings in Philip Kaplan, 43 T.C. 663 (1965). Ordinarily issues of pure fact must be determined upon the basis of the particular circumstances involved in each case, but here the facts are nearly identical with those in Kaplan, supra, with the sole exceptions being the identity of the donors, the amounts of the appraisals, and the amounts ultimately received by the donee. For the reasons enunciated in Kaplan, supra, we have determined in our ultimate finding that the fair market value of the articles donated by petitioners to Chicago Wesley Memorial Hospital was in aggregate $954 as determined by the respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction. - (1) General Rule. - There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations preseribed by the Secretary or his delegate. ↩
2. INCOME TAX REGS. § 1.170-1 Charitable, etc., contributions and gifts; allowance of deduction. * * *
(c) Contribution in property - (1) General rules. If a contribution is made in property other than money, the amount of the deduction is determined by the fair market value of the property at the time of the contribution. The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. * * *↩